UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CARLOS VALDEZ, an individual,<br><br>　　　　Plaintiff,<br>　　v.<br><br>HOL'N JAM ENTERPRISES, INC., a California corporation; CRAIG PEARCE, an individual; and DOES 1 through 20 inclusive,<br><br>　　　　Defendants.<br>_____/ | No. C 13-00412 LB<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE ON THE BASIS THAT MORE INFORMATION IS NEEDED**<br><br>[Re: ECF No. 31] |

In this wage-and-hour case, Plaintiff filed a motion for default judgment. The Ninth Circuit has set forth seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Allegations of damage are not deemed true simply because of the defendant's default. Some proof of the amount is required. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Information is missing from the moving papers, and it is important for the record to be clear because – in the absence of an appearing defendant – the court will issue a report and recommendation to the district court.

1. Plaintiff's motion (filed as an application) does not address the *Eitel* factors or apply them to the facts of this case. Plaintiff must file points and authorities in support of his motion as required by Civil Local Rule 7-4. A quick Westlaw search will reveal default judgment orders in wage-and-hour cases that should serve as a basis for counsel to file something fairly easily.

2. Counsel asks for an award for unpaid wages in the amount of $42,427.50 but the information about the damages theory does not provide sufficient information to support that amount. *See Telles v. Su Juan Li d/b/a Ma's Restaurant*, No. 5:11-CV-01470-LHK, 2013 WL 5199811, at *9-*10 (N.D. Cal. Sept. 16, 2013) (discussing a plaintiff's responsibility to show the amount and extent of work). The following is a non-exclusive description of some of the deficiencies:

First, counsel asks the court to award Mr. Valdez an hourly rate of $12.50. *See* Choi Decl., ECF No. 31-2, ¶ 2. This is "based on the fact that Defendants paid Mr. Valdez $100 for his typical eight-hour day. Defendants would pay Mr. Valdez $160 or alternatively $200 for event days (depending on whether it was busy season or not), which came out to an even lower hourly rate, as these event days range from 12 to 24 hours of work. Therefore, the $12.50 hourly rate is the best averaged rate to use for the calculation." *Id.* Plaintiff should provide legal support for that rate and show why it is true factually. For example, $100 divided by 8 hours is $12.50. Maybe that is the sole justification for the rate. If courts have devised proxies like this for identifying hourly rates, Plaintiff should cite that authority.

Second, Plaintiff's counsel calculates the number of hours using a spreadsheet based on "the record of hours kept by Mr. Valdez." *See* Choi Decl. ¶ 1. Mr. Valdez submitted Exhibit A to his declaration, declaring that it "is the record of my work schedule for Defendants from October 14, 2010 to September 17, 2012." Valdez Decl. Ex. A, ECF No. 31-1, ¶ 4. Given the requirements for establishing damages, more is needed. For example, Mr. Valdez should explain how he created the document (for example, along the way or retroactively). Also, Mr. Valdez's record does not appear entirely consistent with the few time cards he provides. *Compare, e.g.,* Valdez Decl. Ex. B, ECF

1 No. 31-1 at 12 (5/29/2012 time card entry shows work from 7:00 AM to 3:00 PM) *with* Valdez Decl.
2 Ex. A, ECF No. 31-1 at 9 (Mr. Valdez's record of hours with "05-29-12 event day 9hrs $200"), *and*
3 Choi Decl. Ex. A, ECF No. 31-2 at 11 (Mr. Choi's damages spreadsheet calculating damages based
4 on 9 hours of work); *see also* time entries for June 16, 2012 (two time card entries, one for work
5 from 11:00 PM to 3:30 PM and one for work from 9:00 AM to 6:00 PM; Mr. Valdez's record of
6 hours shows "06-16-12 event day 4 hrs $200" and "06-16-12 event day 9hrs $200;" Mr. Choi's
7 damages calculation based on 12 hours of work (4 overtime) but only $200 paid); *see also* 8/31/2012
8 time entries (time cards showing duplicative, overlapping hours worked).  As these examples also
9 show, the damages spreadsheet is not always consistent with either the record of hours or the time
10 sheets.

11     3. Counsel asks the court to assess interest at 10% and should provide the legal basis for that
12 rate.

13     Given the need to serve Defendants with the information regarding damages, the court denies the
14 motion for default without prejudice.  When counsel renotices it, he should serve this order, the new
15 motion, and the new briefing schedule on Defendants and file a proof of service.  He also may
16 appear by telephone at the hearing via CourtCall.

17     This disposes of ECF No. 31.

18 **IT IS SO ORDERED.**

19 Dated:  March 10, 2014                                  _____
20                                                         LAUREL BEELER
                                                          United States Magistrate Judge

ORDER (C 13-00412 LB)                   3